1  **JENNY L. FOLEY, Ph.D., ESQ.**
   Nevada Bar No. 9017
2  **HKM EMPLOYMENT ATTORNEYS LLP**
   1785 East Sahara, Suite 325
3  Las Vegas, Nevada 89104
   Tel: (702) 625-3893
4  Fax: (702) 625-3893
   E-mail: jfoley@hkm.com
5  *Attorney for Plaintiff*

6

7                    **UNITED STATES DISTRICT COURT**
8                         **DISTRICT OF NEVADA**

9  COY COOK, an Individual,

10                    Plaintiff,                    **CASE NO.:**

11  vs.                                            **COMPLAINT AND JURY DEMAND**

12
    SBEHG LAS VEGAS I, LLC, a Domestic
13  Limited Liability Company, DOES I -X;
    ROE CORPORATIONS I -X,
14
15                    Defendant.

16

17      The Plaintiff Coy Cook ("Cook") by and through his attorney, Jenny L. Foley, Ph.D.,

18  Esq. of HKM Employment Attorneys LLP hereby complains and alleges as follows:

19                              **JURISDICTION**

20  1.    This is an action for damages brought by Plaintiff for unlawful workplace discrimination

21        based on race, color, and/or sex and for illegal retaliation under Title VII of the Civil

22        Rights Act of 1964 ("Title VII"), 42 U.S.C. §2000e et. seq.; for declaratory and

23        injunctive relief and monetary damages to redress the deprivation of right secured to the

24        Plaintiff by the Civil Rights Act of 1871, 42 U.S.C. § 1981; for violation of Nevada

25        Revised Statute §613.330 et. seq; and for certain claims brought pursuant to the Nevada

26        Revised Statutes as outlined below.

27

28

                              Page **1** of **11**

2.    This Court has primary jurisdiction over claims set forth herein pursuant to 28 U.S.C. § 1331 (federal question), 28 U.S.C. §1343(a) (4) (civil rights action) and 42 U.S.C. §2000e-5(f) (3) (unlawful discrimination and retaliation in employment). Additionally, this Court has supplemental jurisdiction over any state law claims pled herein pursuant to 28 U.S.C. §1367.

3.    All material allegations relative to the named Defendant contained in this Complaint are believed to have occurred in the State of Nevada, Clark County. Therefore, venue properly lies in the southern division of the United States Court for the District of Nevada pursuant to 28 U.S.C. §1391(b)(2).

## EXHAUSTION OF ADMINISTRATIVE REMEDY

4.    On or about May 7, 2018 Plaintiff initiated the process of filing a Charge of Discrimination against his former employer, the Defendant named in this action with the United States Equal Opportunity Commission ("EEOC") wherein he alleged discrimination because of his color, sex and retaliation.

5.    On or about May 29, 2018, Plaintiff received his Notice of Right to Sue from the U.S. Equal Employment Opportunity Commission.

6.    This action is timely filed pursuant to 42 U.S.C. § 2000e-5(f).

7.    Plaintiff has exhausted his administrative remedy on all claims pled hereunder prior to filing this action with this Court.

## GENERAL ALLEGATIONS

8.    Plaintiff incorporates all of the allegations in the preceding paragraphs as though fully set forth herein.

9.    Plaintiff is a citizen of the State of Nevada and a resident of Clark County Nevada.

10.   Defendant is a Domestic Limited Liability Company. It conducts business in Clark

1      County under the fictitious firm name SLS Las Vegas Hotel and Casino.

2   11.  Defendant had over 500 employees at all times relevant to this matter and is therefore

3       subject to the provisions of Title VII.

4   12.  Plaintiff worked for Defendant from August 2014 to approximately January 2018.

5   13.  At all relevant times, Plaintiff worked as a bartender model at the Lobby Bar also known

6       as the Monkey Bar.

7   14.  Plaintiff is an African-American male and thus is a member of a protected group.

8   15.  At all relevant times, there were no other African-American bartenders at the Lobby

9       Bar.

10  16.  Plaintiff suffered unlawful harassment based on race, color and/or sex and retaliation at

11      the hands of Defendant and of Monique Machua ("**Ms. Machua**") in particular.

12  17.  Ms. Machua is a Hispanic female who, at all relevant times, worked for Defendant as a

13      day shift manager at the Lobby Bar.

14               **HOSTILE WORK ENVIRONMENT**

15  18.  At all relevant times, managers at the Lobby Bar did not report an employee absent until

16      an employee called the "hot line." There was no grace period for an employee being

17      late.

18  19.  In 2016, Plaintiff received a written warning based on attendance.[1]  The vast majority

19      of points against Plaintiff's record were assigned because of ludicrous infractions –

20      Plaintiff clocked in one (1) to (6) minutes later than the required start time.  Each of

21      those minute-long violations incurred a shocking half point (0.5) given the fact that

22      missing an entire shift incurred only one (1) point.

23  20.  Ms. Machua recorded the majority of those incidents in Plaintiff's file regardless of

24      Plaintiff's prompt notice, the minority of the infraction and of the grace period.

25  21.  Ms. Machua did not give written notices for the same or similar infractions to other

26      _____

27

28  [1] See attached Exhibit 1.

employees.

22. Ms. Machua told Plaintiff managers no longer enforced the grace period policy.

23. However, Ms. Machua continued to implement the grace period policy for all other employees, including Amber Olson and Jonathan Chang.

24. Ms. Machua targeted Plaintiff because of his sex, race and/or color and submitted Plaintiff to stricter scrutiny than any other employee. Plaintiff suffered disciplinary actions as a result.

25. On or around November 2016, an employee at the Lobby Bar approached Plaintiff in a hostile manner. Plaintiff received a written notice along with the aggressor despite the fact he neither instigated the hostility nor did he engage in it.

26. On or around October 2017, Plaintiff forgot to clock in and even though he followed protocol and promptly notified a manager, no one clocked him in. At the end of his shift, Plaintiff requested a manger to clock him out.

27. Despite the prompt notice to management and lack of tardiness, Plaintiff was written up for failure to clock in.[2]

28. Plaintiff further experienced increasing hostility throughout the final months of his employment: Plaintiff was written up for not being behind the bar on the hour; for using his phone; for opting out of lunch.

29. Upon information and belief, management had not written up any other employee for not being behind the bar on the hour.

30. Plaintiff was written up and subsequently suspended for using his phone.[3]

31. Upon information and belief, management had not suspended any other employee, including Manny Ramirez, Amber Olson, and Taylor Rae Duffy, for having their phone out.

_____

[2] See attached Exhibit 2.
[3] See attached Exhibits 3 and 4.

32. Upon information and belief, management had not written up any other employee for opting out of lunch.

33. Defendant, through management, acted toward Plaintiff with an intent to discriminate against him based on his race, color and/or sex and engaged in harassing behavior by overly scrutinizing Plaintiff for farcical reasons and by subjecting Plaintiff to different policies and standards than all other employees.

**RETALIATION AND SUBSEQUENT TERMINATION**

34. Plaintiff informed Human Resources of the discrimination and hostile work environment.

35. Plaintiff presented Human Resources with evidence of managers engaging in the very behavior for which Plaintiff was written up: text messages to staff, including Plaintiff, during work hours; names of employees, including dates and times, who opted out of lunch without being written up for it.

36. On January 29, 2018, Defendant terminated Plaintiff for violating Article 1401 by opting out of taking a break and by willful insubordination due to submitting the above-listed evidence to Human Resources.

37. Ms. Machua made a final attempt to discredit Plaintiff by alleging that he created a heated altercation during the termination meeting and that he used profane language. Witness accounts from Alexandra Hoops and Josh Smith, fellow employees, stand as proof to the contrary.

38. Defendant retaliated against Plaintiff for complaining to Human Resources and for submitting evidence of management's hostility and engagement in the very same behavior for which Plaintiff was punished.

39. Defendant acted toward Plaintiff with an intent to discriminate against him based on his race (African-American), color (black) and sex (male).

**FIRST CAUSE OF ACTION**
**(Discrimination Based on Race, Color, National Origin, Gender or Age in violation of State and Federal Statutes)**

40. Plaintiff incorporates all of the allegations in the preceding paragraphs as though fully set forth herein.

41. Plaintiff is a member of the class of persons protected by state and federal statutes prohibiting discrimination based on race, color, national origin, gender, and age or a combination thereof.

42. Defendant as an employer is subject to Nevada and federal statutes prohibiting discrimination, NRS 613.330 et. seq. and Title VII, 42 U.S.C. § 2000e et. seq. as amended and thus, has a legal obligation to provide Plaintiff and all employees a workplace free of unlawful discrimination.

43. Defendant refused to take reasonably adequate steps to prevent discrimination against Plaintiff in the workplace when managers and/or employees subjected Plaintiff, the only male African-American bartender, to disparate terms of employment.

44. Defendant discriminated against Plaintiff (an African-American Male) when it terminated him for opting out of breaks, which was merely a pretext for racial discrimination and was also in retaliation for him submitting proof of the disparate treatment and racial discrimination to Human Resources.

45. No other similarly situated persons, not of Plaintiff's protected class were subject to such harsh measures for the same or substantially similar conduct.

46. Plaintiff suffered adverse economic impact due to his unlawful termination including but not limited to loss of pay, benefits, expenses and other damages which will be more fully described at the time of trial.

47. Plaintiff was embarrassed, humiliated, angered and discouraged by the discriminatory actions taken against him.

48. Plaintiff suffered compensable emotional and physical harm, including but not limited to, headaches, sleeplessness, anxiety and depression resulting from this unlawful discrimination by his employer.

49. Plaintiff is entitled to be fully compensated for his emotional disturbance by being forced to endure this discrimination.

50. Pursuant to 1991 Amendments to title VII, Plaintiff is entitled to recover punitive damages for Defendant's malicious, intentional repeated violations of federal and state civil rights laws.  Discrimination based on race has been illegal since 1964 and an employer of the size, reputation and experience of Defendant should have not engaged in this blatant discrimination.

51. Plaintiff suffered damages in an amount deemed sufficient by the jury.

52. Plaintiff is entitled to an award of reasonable attorney's fees.

53. Defendant is guilty of oppression, fraud or malice, express or implied as Defendant knowingly and intentionally discriminated against Plaintiff because of her race, color and sex.

54. Therefore, Plaintiff is entitled to recover damages for the sake of example, to deter other employers from engaging in such conduct and by way of punishing the Defendant in an amount deemed sufficient by the jury.

## SECOND CAUSE OF ACTION
**(Retaliation under Federal Law, 42 U.S.C.  § 2000e-3 and State Law, NRS 613.340)**

55. Plaintiff incorporates all of the allegations in the preceding paragraphs as though fully set forth herein.

56. In violation of 42 U.S.C § 200e-3, Defendant retaliated against Plaintiff after he complained of acts which he reasonably believed were discriminatory.

57. In violation of NRS 613.340 Defendant retaliated against Plaintiff after he complained of acts, which he reasonably believed were discriminatory.

58. The behavior complained of also constitutes retaliatory harassment and the creation of an illegally hostile environment.

59. There may be more detrimental acts of which Plaintiff is unaware which may also constitute retaliation in that it harmed Plaintiff in his workplace.

60. The actions and conduct by Defendant constitute illegal retaliation which is prohibited by federal and state statutes.

61. Plaintiff suffered damages in an amount deemed sufficient by the jury.

62. Plaintiff is entitled to an award of reasonable attorney's fees.

63. Defendant is guilty of oppression, fraud or malice, express or implied because Defendant knowingly and intentionally retaliated against Ms. Ford because she reported discriminatory behavior.

64. Therefore, Plaintiff is entitled to recover damages for the sake of example, to deter other employers from engaging in such conduct and by way of punishing the Defendant in an amount deemed sufficient by the jury.

### THIRD CAUSE OF ACTION
### (Violation of the Civil Rights Act of 1871, §1981)

65. Plaintiff incorporates all of the allegations in the preceding paragraphs as though fully set forth herein.

66. Plaintiff is African-American and therefore a member of a protected class.

67. Defendant engaged in the above-mentioned harassment, discrimination and termination of Plaintiff with the purposeful intent to discriminate against him because of his race (African-American).

68. Under similar circumstances, other, White or non-African American employees were not terminated, reprimanded or subjected to a racially hostile working environment.

69. Plaintiff was subject to unreasonably stricter standards and policies than any other similarly situated employees and suffered severely stricter punishments, which is *prima facie* evidence of purposeful intent to discriminate against Plaintiff because of his race.

70. Plaintiff suffered damages in an amount deemed sufficient by the jury.

71. Plaintiff is entitled to an award of reasonable attorney's fees in this matter.

72. Defendant is guilty of oppression, fraud or malice, express or implied as Defendant knowingly violated Ms. Ford's rights under Section 1981 of the Civil Rights Act of 1871.

73. Therefore, Plaintiff is entitled to recover damages for the sake of example, to deter other employers from engaging in such conduct and by way of punishing the Defendant in an amount deemed sufficient by the jury.

1   /// 

2   /// 

3   **FOURTH CAUSE OF ACTION**
    **(42 U.S.C. §1983 Equal Protection)**

4

5   74.   Plaintiff incorporates all of the allegations in the preceding paragraphs as though fully

6         set forth herein.

7   75.   Defendant were acting under color of state law at all times described herein.

8   76.   As described herein, Defendant deprived Plaintiff of his right to equal protection by

9         discriminating against him on the basis of hid sex and creating a hostile work

10        environment in violation of the Fourteenth Amendment and 42 U.S.C. § 1983.

11  77.   Alternatively, Defendant deprived Plaintiff of his right to equal protection by

12        irrationally and/or arbitrarily subjecting Plaintiff to differential treatment for reasons

13        unrelated to a legitimate governmental objective.

14  78.   Plaintiff should be awarded compensatory damages against Defendant for the stress,

15        anxiety, pain, humiliation and trauma he has suffered in an amount to be determined at

16        trial.

17  79.   Defendant's conduct was reckless and violated Plaintiff's clearly established

18        constitutionally and statutorily protected employment rights, and therefore Plaintiff

19        should be awarded punitive damages in an amount to be determined at trial.

20  80.   Plaintiff should be awarded reasonable attorney's fees and litigation costs and expenses

21        including expert witness fees against Defendants pursuant to 42 U.S.C. 1988.

22

23  **FIFTH CAUSE OF ACTION**
    **(Negligent Supervision/Retention/Hiring)**

24

25  81.   Plaintiff incorporates all of the allegations in the preceding paragraphs as though fully

26        set forth herein.

27  82.   Defendant had an obligation to provide Plaintiff with a workplace free of threat,

28        harassment, retaliation, deprivation of his civil and constitutional rights, and denigration

1      by his superiors and/or co-workers.

2   83.   Defendant ignored Plaintiff's complaint regarding the retaliation and harassment he

3      suffered.

4   84.   Defendant knew or should have known of its employees', in particular Ms. Machua's

5      proclivities for improper, unreasonable, outrageous, harassing and retaliatory actions

6      such that an exercise of reasonable care would have stopped and/or prevented such

7      conduct.

8   85.   Defendant failed to properly, effectively train its employees that engaging in retaliatory

9      conduct is illegal and improper.

10  86.   Defendant failed to ensure that its employees, in particular Ms. Machua's colleagues

11      did not engage in any retaliatory behavior on Ms. Machua's behalf or in retaliation for

12      reporting racial discrimination.

13  87.   Defendant's failure to properly hire, supervise and or retain its employees and address

14      their discriminatory and retaliatory conduct in an appropriate manner caused injury to

15      Plaintiff.

16  88.   Plaintiff suffered damages in an amount deemed sufficient by the jury.

17  89.   Plaintiff is entitled to an award of reasonable attorney's fees in this matter.

18  90.   Defendant is guilty of oppression, fraud or malice, express or implied as Defendant

19      knowingly subjected Plaintiff to racial discrimination and retaliation for reporting such

20      discrimination by failing to properly hire, train, or supervise their employees.

21  91.   Therefore, Plaintiff is entitled to recover damages for the sake of example, to deter other

22      employers from engaging in such conduct and by way of punishing the Defendant in an

23      amount deemed sufficient by the jury.

24      **WHEREFORE,** Plaintiff prays this court for:

25          a.   A jury trial on all appropriate claims;

26      moreover, to enter judgment in favor of the Plaintiff by:

27          b.   Awarding Plaintiff an amount sufficient to fully compensate him (including tax

28              consequences) for all economic losses of any kind, and otherwise make him

1    whole in accordance with Title VII;

2    c.   General damages;

3    d.   Special damages;

4    e.   An award of compensatory and punitive damages to be determined at trial;

5    f.   Pre and post-judgment interest;

6    g.   An award of attorney's fees and costs; and

7    h.   Any other relief the court deems just and proper.

8    Dated this 22nd Day of August 2018.

9                                    **HKM EMPLOYMENT ATTORNEYS, LLP**

10

11              */s/ Jenny L. Foley*
                **JENNY L. FOLEY, Ph.D., Esq.**

12              Nevada Bar No. 9017
                1785 East Sahara, Suite 325

13              Las Vegas, Nevada 89104
                Tel: (702) 577-3029

14              Fax: (702) 625-3893
                E-mail: jfoley@hkm.com

15              *Attorney for Plaintiff*

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT "1"

## Employee Action Notice



**Employee Name**
Coy Cook

**Employee ID #**
101667

**Job Title & Department**
Casino Beverage - Bartender Model

### Employee Action Detail

**Incident Type**
Attendance

**Date of Incident**
02/26/2017

**Employee Action Taken**
Final Written Warning

**Witness Involved**
No

**Guest Complaint**
No

**Details**

On May 12, 2016 Coy Cook called out sick -1pt
On June 25, 2016 Coy Cook called out sick - 1pt
On October 5, 2016 Coy Cook called out sick - 1pt
On November 26, 2016 Coy Cook clocked in @ 5:01p for 5:00p shift - 0.5pts
On December 30, 2016 Coy Cook clocked in @ 5:01p for 5:00p shift - 0.5pts
On December 31, 2016 Coy Cook left early after 2 hours into shift - 0.5pts
On January 5, 2017 Coy Cook clocked in @ 5:03p for 5:00p shift - 0.5pts
On January 12, 2017 Coy Cook clocked in @ 5:06p for 5:00p shift - 0.5pts
On January 26, 2017 Coy Cook clocked in @ 5:03p for 5:00p shift - 0.5pts
On February 17, 2017 Coy Cook clocked in @ 5:01p for 5:00p shift - 0.5pts
On February 18, 2017 Coy Cook clocked in @ 5:01p for 5:00p shift - 0.5pts
On February 24, 2017 Coy Cook clocked in @ 5:02p for 5:00p shift - 0.5pts
On February 25, 2017 Coy Cook clocked in @ 5:01 for 5:00p shift - 0.5pts
On February 26, 2017 Coy Cook clocked in @ 12:01p for 12:00p shift - 0.5pts

Coy Cook has accumulated a total of 8.5 points due to attendance. Employee has been notified that further infractions may
lead to progressive discipline up to and including termination.

By signing this form, you confirm that you understand the information completed on this form. You also acknowledge that you,
your manager or supervisor have discussed the reason for the Employee Action Notice. You acknowledge and understand that
further infractions may continue progressive discipline up to and including termination.

**Employee Signature**

**Date**
3/23/17

**Manager Signature**

**Date**
3/23/17

Employee Action Notice

Rev. 9.2014

EXHIBIT "2"

## Employee Action Notice



**SLS**
LAS VEGAS

**Employee Name**

Coy Cook

**Employee ID #**

101667

**Job Title & Department**

Bartender, Casino Beverage- Full Time

**Employee Action Detail**

**Incident Type**

Company/Department Policy Violation

**Date of Incident**

10/21/2017

**Employee Action Taken**

Final Written Warning

**Witness Involved**

No

**Guest Complaint**

No

**Details**

On 10.21.17 and 10.22.17, Coy neglected to clock himself in at shift start. This is against policy regarding clock in and timekeeping procedures, as all employees are required to accurately record their time by clocking into the Kronos time clock.

This has been reviewed with Coy and it is understood that further infraction to company policy and procedure may result in progressive discipline up to and including termination.

By signing this form, you confirm that you understand the information completed on this form. You also acknowledge that you, your manager or supervisor have discussed the reason for the Employee Action Notice. You acknowledge and understand for further infractions may continue progressive discipline up to and including termination.

**Employee Signature**

**Date**

11/2/17

**Manager Signature**

**Date**

11 2 17

**Witness**

**Date**

Employee Action Notice

Rev. 10.22.15

# EXHIBIT "3"

## Employee Action Notice



**SLS**®
LAS VEGAS

**Employee Name**
Coy Cook

**Employee ID #**
101667

**Job Title & Department**
Bartender - Monkey Bar

**Employee Action Detail**

**Incident Type**
Company/Department Policy Violation

**Date of Incident**
12/22/2018

**Employee Action Taken**
Final Written Warning

**Witness Involved**
Yes

**Guest Complaint**
No

**Details**

On 12/22/17, Coy Cook was witnessed utilizing his cell phone and listening to music with his head phones while on the clock inside The Monkey Bar service side station by the shift manager on duty.

The company prohibits the personal use of cell phones during work time or in work areas. This employee action form will serve as a 2nd Final Written Warning due to prior progressive discipline for Company/department policy violation.

Moving forward, it is expected that Coy follows the company's cell phone policy. Any further infractions and/or violations of company policy will result in progressive discipline and can lead to termination.

By signing this form, you confirm that you understand the information completed on this form. You also acknowledge that you, your manager or supervisor have discussed the reason for the Employee Action Notice. You acknowledge and understand for further infractions may continue progressive discipline up to and including termination.

**Employee Signature**

**Date**
1/10/18

**Manager Signature**

**Date**

**Witness**

**Date**
1/10/18

Employee Action Notice

Rev. 10.22.15

EXHIBIT "4"

Employee Action Notice



# SLS
## LAS VEGAS

| Employee Name | Employee ID # | Job Title & Department |
|---|---|---|
| COY COOK | 101667 | BARTENDER, MONKEY BAR |

Employee Action Detail

| Incident Type | Date of Incident | Employee Action Taken |
|---|---|---|
| Company/Department Policy Violation | 01/10/2018 | Termination |

| Witness Involved | Guest Complaint |
|---|---|
| Yes | No |

Details

Coy Cook is being terminated effective immediately for violation of Article 14.01 of the CBA, as well as the following standards of conduct:

- Insubordinate behavior
- Failure to follow the policy or procedures contained in the employee handbook

By signing this form, you confirm that you understand the information completed on this form. You also acknowledge that you, your manager or supervisor have discussed the reason for the Employee Action Notice. You acknowledge and understand for further infractions may continue progressive discipline up to and including termination.

| Employee Signature | Date |
|---|---|
| | 1/27/18 |

| Manager Signature | Date | Witness | Date |
|---|---|---|---|
| | 1/29/18 | | 1/29/18 |

Employee Action Notice                                    Rev. 10.22.15

## Employee Action Notice



**SLS**
LAS VEGAS

| Employee Name | Employee ID # | Job Title & Department |
|---|---|---|
| Coy Cook | 101667 | Bartender - Monkey Bar |

**Employee Action Detail**

| Incident Type | Date of Incident | Employee Action Taken |
|---|---|---|
| Suspension Pending Investigation | 01/10/2018 | Suspension Pending Investiga |

| Witness Involved | Guest Complaint |
|---|---|
| Yes | No |

**Details**

Coy Cook is being Suspended Pending Investigation for Standards of Conduct effective 1.12.18. Human Resources will be contacting Coy within 72 business hours.

By signing this form, you confirm that you understand the information completed on this form. You also acknowledge that you, your manager or supervisor have discussed the reason for the Employee Action Notice. You acknowledge and understand for further infractions may continue progressive discipline up to and including termination.

| Employee Signature | Date |
|---|---|
| | 1/12/18 |

| Manager Signature | Date | Witness | Date |
|---|---|---|---|
| | 1/12/18 | | 1/2/18 |

Employee Action Notice                                                   Rev. 10.22.15