**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| COY COOK, | ) |
| Plaintiff, | ) |
| | ) Case No.: 2:18-cv-01583-GMN-BNW |
| vs. | ) |
| LAS VEGAS RESORT HOLDINGS, LLC d/b/a, SLS LAS VEGAS, a foreign limited liability company, | ) **ORDER** |
| Defendant. | ) |

Pending before the Court is Defendant Las Vegas Resort Holdings, LLC's ("Defendant") Motion to Dismiss, (ECF No. 8), regarding Plaintiff Coy Cook's ("Plaintiff") First Amended Complaint, (ECF No. 7). Plaintiff filed a Response, (ECF No. 13), to which Defendant filed a Reply, (ECF No. 14).

Also before the Court is Plaintiff's Motion to Amend/Correct its First Amended Complaint, (ECF No. 29). Defendant filed a Response, (ECF No. 32), and Plaintiff filed a Reply, (ECF No. 33). For the reasons stated below, Plaintiff's Motion to Amend/Correct is **GRANTED in part** and **DENIED in part**, and Defendant's Motion to Dismiss is **DENIED as MOOT**.

**I.     BACKGROUND**

This case arises from Plaintiff's allegations of workplace discrimination and retaliation while Defendant employed him as a bartender at the Lobby Bar. (First Am. Compl. ("FAC") ¶¶ 1, 12–39, ECF No. 7). Plaintiff alleges that Defendant disciplined him for conduct other

employees engaged in without consequence; and that when he complained to Human Resources about the purportedly discriminatory treatment, Defendant ultimately fired him in retaliation. (*Id.* ¶¶ 19–39).

Based on Defendant's alleged retaliatory and discriminatory treatment, Plaintiff filed his Complaint, (ECF No. 1), on August 22, 2018. Plaintiff then amended that Complaint as a matter of right on October 3, 2018, (ECF No. 7). In the First Amended Complaint, Plaintiff raises five claims: (1) discrimination under Title VII and Nevada law; (2) retaliation in violation of 42 U.S.C. § 2000e-3 and Nevada Revised Statute ("NRS") 613.340; (3) violation of his civil rights under 42 U.S.C. § 1981 ("§ 1981"); (4) violation of his equal protection rights under 42 U.S.C. § 1983 ("§ 1983"); and (5) negligent supervision/retention/hiring.

Defendant moved to dismiss the First Amended Complaint on November 19, 2018. (Mot. Dismiss ("MTD"), ECF No. 8). In Plaintiff's Response, (ECF No. 13), he voluntarily withdrew his § 1983[1] and state law tort claims while maintaining his other claims.

Plaintiff's current counsel, Michael J. Mcavoyamaya ("Counsel") maintains that he repeatedly tried to timely amend the First Amended Complaint to state a claim for breach of the Collective Bargaining Agreement ("CBA") against Defendant and non-parties Bartenders Union Local 165 ("Union") and Local Joint Executive Board of Las Vegas ("Board"). Plaintiff alleges that, despite Counsel's diligent efforts, he was unable to timely amend after the Court unexpectedly denied the parties' First Stipulation to Stay Discovery and related deadlines before Counsel made an appearance. (ECF No. 19–20); (Mot. Am. ("MTA") 5:8–19); (Decl.

---

[1] In Plaintiff's Response, (Pl. Resp. 9:4, ECF No. 13), he claims to "Voluntarily Withdraw[] His § 1981 Claim" immediately after explaining to the Court why the claim should survive in spite of his at-will employment status. (*Id.* at 8:13–9:3). The Court assumes this is in error, and Plaintiff intended to voluntarily withdraw his § 1983 claim. Even if the Court's assumption is mistaken, the claim is now moot in light of this Order.

Michael J. Mcavoyamaya ("Decl.") ¶¶ 3–7, ECF No. 29-1). Plaintiff further alleges that if the Court's June 20, 2019 Order granting the parties' Stipulation to Stay Discovery and "modify the schedule order accordingly" extended the deadline to timely amend, he was unable to do so because prior counsel did not respond to Counsel's inquiries about substituting counsel before the purported deadline passed. (Decl. ¶¶ 8–15).

In Plaintiff's instant Motion to Amend/Correct the First Amended Complaint, Plaintiff seeks to add the Union and the Board as parties. Plaintiff also seeks to assert a Section 301 claim against the new parties and Defendant. (MTA 2:24–27, 4:2–10). Section 301 claims require that an employee-plaintiff "establish both that the union breached its duty of fair representation and that the employer breached the collective-bargaining agreement." *Clayton v. Int'l Union*, 451 U.S. 679, 683 n.4 (1981).

## II. LEGAL STANDARD

When a party moves to amend the pleadings after the expiration of the deadline established in a court's scheduling order, courts review the request through a two-step process. First, courts resolve the motion to amend the scheduling order, which is governed by the "good cause" standard outlined in Federal Rule of Civil Procedure ("FRCP") 16(b). *See*, *e.g.*, *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608 (9th Cir. 1992). Under Rule 16(b), the "'good cause' standard primarily considers the diligence of the party seeking the amendment." *Id.* at 609. In particular, courts look to whether the deadline set in the scheduling order "cannot reasonably be met despite the diligence of the party seeking the amendment." *Id.* "[C]arelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." *Id.* Although prejudice to the opposing party may also be considered, the focus of the inquiry is on the movant's reasons for seeking modification. *Id.* "If that party was not diligent, the inquiry should end." *Id.* The party seeking amendment bears the burden of establishing

diligence. *See*, *e.g.*, *Morgal v. Maricopa County Bd. Of Sup'rs*, 284 F.R.D. 452, 460 (D. Ariz. 2012).

When "good cause" has been established under Rule 16(b), courts will then examine whether amendment is proper under the standards outlined in Rule 15(a). Rule 15(a) provides that "[t]he court should freely give leave [to amend] when justice so requires," and there is a strong public policy in favor of permitting amendment. Fed. R. Civ. P. 15(a); *Bowles v. Reade*, 198 F.3d 752, 757 (9th Cir. 1999). As such, the Ninth Circuit has made clear that Rule 15(a) is to be applied with "extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (*per curiam*). Under Rule 15(a), courts consider various factors, including: (1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of the amendment; and (5) whether the plaintiff has previously amended the complaint. *See id.* at 1052. These factors do not carry equal weight, however, and prejudice is the touchstone of the analysis. *See id.* The party opposing the amendment bears the burden of showing why leave to amend should be denied. *See*, *e.g.*, *Desert Protective Council v. U.S. Dept. of the Interior*, 927 F. Supp. 2d 949, 962 (S.D. Cal. 2013). It is proper for courts to deny leave to amend if the amendment would be futile or the amended complaint would be dismissed. *Platt Elec. Supply, Inc. v. EOFF Elec., Inc.*, 522 F.3d 1049, 1060 (9th Cir. 2008).

**III.      DISCUSSION**

Under the standard outlined in Rule 16(b) to amend the scheduling order, the Court finds Plaintiff has established good cause to amend its First Amended Complaint because of Counsel's diligence in seeking leave to amend. Counsel indicated his desire to amend the First Amended Complaint to Plaintiff's prior counsel within the deadline provided in the Court's first Scheduling Order. (MTA 5:8–12); (Decl. ¶¶ 4, 6). Plaintiff only failed to amend within the time provided because he relied on prior counsel's representation that the Court would grant the

Stipulation to Stay Discovery and thereby extend the deadline to file an amended pleading. (MTA 5:15–5); (Decl. ¶ 5). The stay would have enabled Counsel to file the desired amendment within the time provided were it not for the Court's unanticipated denial of the stipulation. *See* (Scheduling Order 2:4–8, ECF No. 15) (setting the deadline to amend pleadings for April 3, 2019); (First Stip. to Stay Discovery, ECF No. 19) (requesting extension of the deadline to amend pleadings); (Order Denying Stip. to Stay Discovery, ECF No. 20) (denying the stipulation on April 4, 2019). Plaintiff's reliance on his counsel's belief that the Court would grant the stipulation was not a failure of diligence.

After the deadline passed and Counsel nevertheless agreed to take the case on July 19, 2019 while discovery was stayed, Counsel believed the stay would enable him to timely file an amendment. (Decl. ¶¶ 8–10). Beginning on July 19, Counsel repeatedly tried to contact prior counsel to execute a substitution of attorney form, but it was not until August 6 that prior counsel indicated the form was not necessary and Counsel could file a notice of appearance. (*Id.* ¶¶ 9–15). If the stay extended Plaintiff's deadline to file an amendment, the deadline would have passed on August 2, 2019. (MTA 6:22). Counsel filed his Notice of Appearance, (ECF No. 28), on August 9, 2019 and his Motion to Amend/Correct on August 19, 2019, (ECF No. 29). It is immaterial whether the stay of discovery actually extended the time to file an amendment because Counsel would not have been able to meet either the April 3 deadline or the purported August 2 deadline despite Counsel's continued diligence in seeking timely leave to amend. Therefore, because Plaintiff continually persisted in his efforts to seek leave to amend despite his inability to meet the deadline in the time provided, Plaintiff has satisfied the required showing of good cause.

Since Plaintiff has demonstrated good cause to amend under FRCP 16(b), the Court now considers whether amendment is proper under the following factors of Rule 15(a): (1) bad faith

in seeking the amendment; (2) undue delay; (3) prejudice to the opposing party; (4) futility of the amendment; and (5) whether the plaintiff has previously amended the complaint. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). First, Defendant has not engaged in bad faith in seeking the amendment, as shown by Counsel's persistent efforts, before making an appearance, to ensure that he would be able to timely file the amendment. Second, the reasons given for good cause to amend also demonstrate that there has been no undue delay in seeking the amendment. Namely, Counsel sought to timely amend Plaintiff's First Amended Complaint, and he filed his present Motion to Amend/Correct soon after making his appearance. Next, little, if any, prejudice will befall Defendant because discovery only recently commenced. Plaintiff has only once amended his Complaint. Given the strong public policy in favor of permitting amendment, Plaintiff's Motion to Amend/Correct should be granted to the extent that the amendment would not be futile.

Concerning the fourth factor of futility, Defendant argues that Plaintiff's Motion to Amend/Correct is futile because his Section 301 claim is time barred based on the applicable six-month limitation period. (MTA Resp. 5:2–8:2, ECF No. 32). That is, according to the parties, unless the claim relates back to the filing of the original Complaint on August 22, 2018, the claim became time barred by October 2, 2018, (MTA Resp. 5:10–19); (Pl. Reply 6:11–12:20). In support of its position that Plaintiff's Section 301 claim is time barred, Defendant advances three arguments: (1) Plaintiff's Section 301 claim against the Union and the Board is time barred; (2) the Union and the Board are necessary parties to Plaintiff's Section 301 claim, and, because the claims against them are time barred, Plaintiff cannot maintain its 301 claim against only Defendant; and (3) even if the Union and the Board are not necessary parties, the claim against Defendant is time barred because it is not based on the same "conduct, transaction, or occurrence" as the conduct alleged in the Complaint. (MTA Resp. 5:10–7:2).

The Court agrees that Plaintiff may not amend his Complaint to add the Union and the Board as defendants because Plaintiff's claim against them is time barred and does not relate back to the original Complaint. Under FRCP 15(c)(1)(C), for the Section 301 claim against the Union and the Board to relate back, Plaintiff had to serve the new defendants within 90 days of the commencement of the action and demonstrate that the defendants both: "(i) received such notice of the action that it will not be prejudiced in defending on the merits; and (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity." However, Plaintiff provides no allegation or support to show that either the Union or Board received the required notice of the action's pendency within 90 days of this action's commencement. Neither does Plaintiff allege that the parties were not named in the Complaint because of a mistake concerning their identities. Therefore, the Plaintiff's amendment to add the Union and Board is futile. *See* Fed. R. Civ. Pro. 15(c)(1)(C).

Because Plaintiff cannot amend the Complaint to add the Union and Board as defendants for his Section 301 claim, the next issues are whether the Union and the Board are necessary parties and, if not, whether a claim against only Defendant would relate back. The Court first notes that the Union and the Board are not necessary parties to the Section 301 claim. *See DelCostello v. Int'l Bhd. Of Teamsters*, 462 U.S. 151, 165 (1983) (discussing the availability of Section 301 claims against an employer, a union, or both, and stating "[t]he employee may, if he chooses, sue one defendant and not the other; but the case he must prove is the same whether he sues one, the other, or both."). With regard to timeliness, the Section 301 claim against Defendant must relate back to Plaintiff's initial filing. Relation back would only occur if the claim arises "out of the conduct; transaction, or occurrence set out—or attempted to be set out—in the original pleading." Fed. R. Civ. P. 15(c)(1)(B). Claims arise from the same

conduct, transaction, or occurrence, when they arise from "a common core of operative facts." *Mayle v. Felix*, 545 U.S. 644, 659 (2005) (internal quotations omitted). Such claims "will likely be proved by the same kind of evidence offered in support of the original pleading." *Asarco, LLC v. Union Pac. R.R. Co.*, 765 F.3d 999, 1004 (9th Cir. 2014) (quoting *Percy v. S.F. Gen. Hosp.*, 841 F.2d 975, 978 (9th Cir. 1988)) (internal quotations omitted). Within the Ninth Circuit, Rule 15(c)'s relation back provision is "liberally applied." *Clipper Exxpress v. Rocky Mountain Motor Tariff Bureau, Inc.*, 690 F.2d 1240, 1259 n.29 (9th Cir. 1982).

The Court concludes that the Section 301 claim relates back to Plaintiff's Complaint because it arises from the same "conduct, transaction, or occurrence" as the discrimination and retaliation claims. Plaintiff argues that the Section 301 claim will allege that Defendant's discriminatory and retaliatory conduct in connection with Plaintiff's termination breached the parties' CBA. (Pl. Reply 8:20–26). Plaintiff notes that the same witnesses will be called to prove both the discrimination claim and the employer-breach element of the Section 301 claim. (*Id.* 9:11–18).

Section 301 claims, Defendant notes, require allegations that the employer violated its CBA with the employee and that the union breached its duty of fair representation to the employee. (MTA Resp. 6:21–8:2). Defendant therefore argues that the Section 301 claim does not arise from the same conduct, transaction, or occurrence set forth in the Complaint because the claim requires Plaintiff to plead additional facts—including the existence of the parties' CBA—not set forth in the Complaint. (*Id.* 6:24–7:2).

While Defendant is correct that Section 301 claims require Plaintiff to plead facts beyond those contained in the Complaint, that does not compel the Court to find that the claims do not arise from the same conduct, transaction, or occurrence. Because the alleged discriminatory and retaliatory conduct provides the basis for a Section 301 claim against

Page 8 of 10

Defendant, the claims arise from the same conduct. Circuits faced with this issue have similarly held that Title VII claims and Section 301 claims arise from the same conduct, transaction, or occurrence under Rule 15(c) when an employer's alleged discrimination purportedly breached a CBA. *See Maegdlin v. Int'l Ass'n of Machinists & Aero. Workers*, 309 F.3d 1051, 1052 (8th Cir. 2002) (cited favorably in *Mayle*, 545 U.S. at 657); *Johnson v. Artim Transp. System, Inc.*, 826 F.2d 535, 547 n.9 (7th Cir. 1987).

Finally, Defendant argues that Plaintiff's Section 301 claim is futile because Plaintiff will not be able to plausibly allege that the Union breached its duty of fair representation. (MTA Resp. 8:3–23). The Union's decision not to bring a grievance cannot support a plausible claim, Defendant argues, because it is within the Union's discretion whether to pursue a claim at all. (*Id.*).

Rather than disputing Defendant's interpretation of the law, Plaintiff argues that the Union breached its duty by telling Plaintiff that it would file a grievance and subsequently ignoring all of Plaintiff's communications. (Pl. Reply 13:18–14:2). If the Union represented that it would take the case and failed to do so in bad faith or for arbitrary reasons, Plaintiff argues that he could state a plausible claim. (*Id.* 13:18–14:11).

In his Motion to Amend/Correct, the Plaintiff alleges circumstances that, under the circuit's liberal approach to Rule 15 amendments, merit giving Plaintiff the opportunity to plead a Section 301 claim. It is not obvious to the Court that the amendment will inevitably fail to state a plausible claim. Given that Plaintiff could plead a plausible Section 301 claim, the Court will allow amendment.

**IV.     CONCLUSION**

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Amend/Correct the First Amended Complaint, (ECF No. 29), to add Bartenders Union Local 165 and Local Joint Executive Board of Las Vegas, is **DENIED**.

**IS FURTHER ORDERED** that Plaintiff's Motion to Amend/Correct the First Amended Complaint, (ECF No. 29), to add a Section 301 Claim against Defendant, is **GRANTED.**

**IT IS FURTHER ORDERED** that Defendant's Motion to Dismiss the First Amended Complaint, (ECF No. 8), is **DENIED as MOOT**.

**DATED** this __26__ day of September, 2019.

_____
Gloria M. Navarro, District Judge
United States District Court